LP2_OSC_ProofOfService.Doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

| | |
|---|---|
| T & T IMPORTS, INC., | ECF CASE |
| Plaintiff, | 07 Civ. 10990 (JFK) (DF) |
| -against- | PROOF OF SERVICE OF ORDER TO SHOW CAUSE (Supporting Memo. of Law) |
| RENZO FOOD CORP., d/b/a Fine Fare Supermarket; JOHNNY DIAZ, individually and in his corporate capacity; and GENERAL TRADING CO., INC., | |
| Defendants. | |

----------------------------------------------------------------------x

**Carl E. Person** hereby declares, pursuant to the penalties of perjury under 28 U.S.C. § 1746, that the following statements are true and correct:

I am not a party to this action, am over 18 years of age, and on February 28, 2008, I served a true copy of the annexed **Memorandum of Law in Support of an Order to Show Cause for Default Judgment (with attorney fees)** dated February 28, 2008 (the "Document") on the Defendants, by mailing a copy of the Document to said Defendants as follows:

> **Renzo Food Corp.**
> **763 Concourse Village West**
> **Bronx NY 10451**
>
> **Johnny Diaz**
> **763 Concourse Village West**
> **Bronx NY 10451**

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on March 6, 2008.

_____
**Carl E. Person**

LP2_memo_law_supp_OSC_def_judgtF Doc

Carl E. Person
Attorney for Plaintiff
325 W. 45th Street – Suite 201
New York NY  10036-3803
Telephone:  (212) 307-4444
Facsimile:   (212) 307-0247
carlpers@ix.netcom.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :     ECF CASE
T & T IMPORTS, INC.,                                                :
                                                                    :     07-CV-10990 (JFK) (DF)
                                            Plaintiff,              :
                                                                    :
        v.                                                          :
                                                                    :
                                                                    :
RENZO FOOD CORP., d/b/a Fine Fare Supermarket;                      :
JOHNNY DIAZ, individually,                                          :
and GENERAL TRADING CO., INC.,                                      :
                                                                    :
                                            Defendants.             :
                                                                    :
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO SHOW
CAUSE FOR DEFAULT JUDGMENT (WITH ATTORNEY FEES)**

Plaintiff, T & T IMPORTS, INC., by its attorney, Carl E. Person, submits this memorandum in support of Plaintiff's proposed order to show cause for entry of a default judgment against Defendants **RENZO FOOD CORP.**, d/b/a Fine Fare Supermarket ("Renzo"); and **JOHNNY DIAZ**, individually ("Diaz").  Defendant General Trading Co., Inc. has been voluntarily dismissed from the action.

1

## Discussion

### I. The Nature and Scope of the PACA Trust.

This case arises under the trust provisions of The Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c)(4) ("PACA") for failure to pay Plaintiff for wholesale quantities of produce sold and delivered to defendant Renzo. Defendant Diaz is the principal of Renzo, who controlled the operations of Renzo and was in a position of control over the PACA trust assets belonging to Plaintiff during the period of time in question. Exhibit 2 to the moving declarations is a copy of the *Dun and Bradstreet Risk Management "Live Report"* from **http://www.dnbi.com** providing information on Renzo dated November 14, 2007 listing Johnny Diaz as the principal of Renzo.

PACA was enacted in 1930 *"to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce."* 49 Fed. Reg. 45737. Thus, PACA requires produce dealers to make *"full payment promptly"* for any produce they purchase. 7 U.S.C. §499(b)(4).

In 1984, the PACA was amended to *"increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them."* (Emphasis added.) *1984 U.S. Code Cong. & Admin News 406.* See <u>Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3d Cir. 2000); see also <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154, 159 (11th Cir. 1990) (". . . *the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries.*")

To carry out this intent, Section 499e(c) imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers which must

be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made - 7 U.S.C. §499e(c) (2). The trust arises upon the commencement of the produce purchaser's business and is continually in existence throughout the life of the purchaser's business. *Tanimura & Antle, Inc., et al.*, supra.; see *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2nd Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139 142 (Bkrtcy. S.D.Fla. 1990). The PACA requires produce suppliers to provide notice to the buyer of their intent to preserve trust benefits. In 1995, the PACA was amended so that notice could be accomplished by produce suppliers including the following language on the face of their invoices:

> *"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or a proceeds from the sale of these commodities until full payment is received."* at 7 U.S.C. 499e(c)(4).

Plaintiff properly preserved its trust rights by including the requisite language on its invoices to Statewide. See moving declarations and Exhibits thereto. Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4).

Furthermore, agricultural merchants and dealers "*are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities.*" 7 CFR 46.46(e)(1). "*Any act or omission inconsistent with this responsibility, including dissipation or trust assets, is unlawful and in violation of [7 U.S.C. § 499b].*" Id.

## II. Personal Liability under PACA

An individual who is in a position to oversee the proper application of the PACA trust assets, and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable for that wrongful act. See *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("*We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act.*"); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc*. 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control PACA trust assets is personally liable under PACA regardless of whether he exercised that control); *Reds Market v. Cape Canaveral Cruise Line, Inc.*, 181 F.Supp.2d 1339 (M.D.Fla. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was intentional or whether individual was responsible corporate officer); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. 346 (S.D.N.Y. 1993) ("*An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act*"); *Bronia, Inc. v. Ho.*, 873 F.Supp. 854, 861 (S.D.N.Y. 1995) ("*primary actor responsible for [the corporation's] failure to live up to its fiduciary responsibilities under the PACA*" will be personally responsible for the corporation's breach of trust); *N.P. Deoudes, Inc. v. Snyder*, (In re Snyder), 184 B.R. 473 (D. Md. 1995) (personal liability may be imposed on the controlling person of a corporation when trust assets are used for any purpose other than paying trust claims); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F.Supp. 209 (E.D.N.Y. 1993) ("*[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss of the trust is personally liable to the beneficiaries for that

4

loss"); <u>Larry Sheppard v. KB Fruit & Vegetable, Inc.</u>, 1994 W.L. 317477 (E.D. Pa. 1994) (shareholders, officers and directors, who appointed a manager to operate their business are personally liable to the PACA creditors for the breach of the trust primarily caused by the manager as a matter of law); <u>In re Harper</u>, 150 B.R. 416 (Bkrtcy.E.D. Tenn. 1993) (corporate officer found liable because "*when there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation.*")

Defendant Diaz's failure to preserve the trust assets for plaintiff is a breach of his fiduciary duty for which he is personally liable. Failure to turn over the trust assets when payment is due to the produce suppliers breaches the fiduciary duty to make the trust assets "*freely available*" to the PACA trust beneficiary. Id.; see also <u>Morris Okun, Inc. v. Harry Zimmerman, Inc.</u>, supra. at 348 (SDNY 1993) (PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation who uses the trust assets for any purpose other than repayment of the supplier); <u>Reds Market v. Cape Canaveral Cruise Line, Inc.</u>, supra. (M.D.Fla. 2002) (a simple finding that individuals failed to account for trust assets is sufficient to impose personal liability under PACA).

It has been repeatedly held by the courts that an officer and director of a produce company, such as defendant Diaz, who is in a "*position of control*" over the PACA trust assets, is personally liable for the breach of the PACA trust regardless of whether he personally dissipated the assets. <u>Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.</u>, supra. (5th Cir. 2000); <u>Sunkist Growers, Inc. v. Fisher</u>, supra. at 283 (9th Cir. 1997), <u>Larry Sheppard v. KB Fruit & Vegetable, Inc.</u>, supra. (E.D. PA 1993); <u>Morris Okun, Inc. v. Harry Zimmerman, Inc.</u>, supra. (SDNY 1993); <u>Reds Market v. Cape Canaveral Cruise Line, Inc.</u>, supra. (M.D.Fla. 2002). The

bases for this holding are the common law trust principles that: fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation, Id., see also *In re Harper*, 150 B.R. 416 (Bkrtcy. E.D. Tenn. 1993); and that trustees are under a duty to the beneficiary to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. *Restatement 2nd of Trusts*, § 174.

In this case, defendant Johnny Diaz was legally responsible for the activities of Renzo and Diaz was in a "*position of control*" over the PACA trust assets. Accordingly, he was responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay plaintiff. Id., see also *Larry Sheppard v. KB Fruit & Vegetable, Inc.*, supra, *Golman-Haydean Co., Inc. v. Fresh Source Produce, Inc.*, supra; *Reds Market v. Cape Canaveral Cruise Line, Inc.*, supra. Having failed to fulfill his duties as trustee, he is liable to Plaintiff, the trust beneficiary.

### III. Interest Due Plaintiff.

As set forth in Plaintiff's proposed order and accompanying papers, an award of contract interest and attorney's fees and costs is an implied term of the parties' agreement regarding Defendants' purchase of produce from Plaintiff, as set forth in the exhibits to the Complaint, the accuracy of which allegation has been admitted through default. See *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220 (9th Cir. 2002); *Country Best v. Christopher Ranch, L.L.C.*, 361 F.3d 629 (11th Cir. 2004) (unpaid sellers of produce who include contractual provisions for attorneys' fees and interest in their agreements to sell perishable agricultural commodities, and who properly preserves PACA trust benefits, are entitled to trust protection for those additional expenses incurred). Plaintiff has reviewed its interest and recalculated the

accrued amount of interest due Plaintiff as of the February 20, 2008 at the state statutory rate of 9%. The amount of interest due is **$2,790.97**, as set forth in Person's moving declaration.

## IV. Conclusion

For the foregoing reasons, Plaintiff requests, pursuant to Fed. R. Civ. P. 55(b)(2), that this Court enter a default judgment against Defendants Renzo and Diaz in the total amount of **$16,755.65** consisting of the principal amount of unpaid Invoices **$9,920.25**, plus interest of **$2,790.97**, and an award of reasonable attorney fees and costs in the amount of **$ 4,035.43** incurred by Plaintiff in enforcing plaintiff's trust rights under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), plus additional interest from February 20, 2008 and attorney's fees from February 22, 2008 to the date of judgment.

New York, New York
February 26, 2008

Respectfully submitted,

*[signature]*

Carl E. Person (CP 7637)
Attorney for Plaintiff
325 W. 45th Street – Suite 201
New York NY  10036-3803
Telephone:  (212) 307-4444
Facsimile:   (212) 307-0247
carlpers@ix.netcom.com

7